**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OPERATING ENGINEERS CONSTRUCTION INDUSTRY MISCELLANEOUS PENSION FUND, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>MGPI INGREDIENTS, INC., DAVID COLO, DAVID S. BRATCHER, and BRANDON M. GALL,<br><br>　　　　　　　　　Defendants. | Case No. 1:24-CV-09685 (JAV)(RWL)<br><br><u>CLASS ACTION</u> |
| NEIL R. BRONSTEIN, AS TRUSTEE FOR THE BRONSTEIN CHILDREN PARTNERSHIP, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>MGPI INGREDIENTS, INC., DAVID COLO, DAVID S. BRATCHER, and BRANDON M. GALL,<br><br>　　　　　　　　　Defendants. | Case No. 1:25-CV-1330 (JAV)(RWL)<br><br><u>CLASS ACTION</u> |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/28/2025

**ORDER GRANTING MOTION TO CONSOLIDATE**
**AND TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**

The instant class actions assert violations of securities laws by Defendants MGPI Ingredients, Inc. ("MGPI"), David Colo, David S. Bratcher, and Brandon M. Gall. Three plaintiff groups have filed motions to consolidate the actions, along with any other securities class actions arising out of the same facts and claims on behalf of purchasers of MGPI securities, and to appoint lead plaintiff and lead counsel pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995. The three plaintiff groups are: (1) the "Pension Funds," comprised of the City of Atlanta General Employees' Pension Fund, the City of Atlanta Police Officers' Pension Fund, the City of Atlanta Firefighters' Pension Fund, the Carpenters Pension Funds of Illinois, and the Employees' Retirement System of the City of Baltimore; (2) "Chicago Transit," being the Retirement Plan for Chicago Transit Authority Employees; and (3) the "Bronstein Family," comprised of Dale Bronstein and his brother, Neil R. Bronstein, as Manager for the Bronstein Children Partnership.

The three plaintiff groups agree that the actions should be consolidated. (Dkts. 31-33.) Defendants take no position. (Dkt. 34.) The Court finds that the actions involve common questions of fact and law; that judicial efficiency and the interest in avoiding inconsistent rulings across actions warrant consolidation; and that no party or putative class member will be prejudiced by consolidation. Consolidation is therefore appropriate.

Defendants also take no position on which plaintiff group and respective attorneys should be appointed lead plaintiff and lead counsel. (*Id*.) The three plaintiff groups each acknowledge either explicitly or implicitly that the Pension Funds report the largest financial interest of the three groups and thus are presumptively the most adequate

plaintiff to serve as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Pension Funds have established that they satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure, and neither Chicago Transit nor the Bronstein Family contend otherwise.  (*See* Dkts. 31, 33.)  The Pension Funds are sophisticated institutional investors and, taken together, have considerable experience serving as lead plaintiff in securities fraud litigation.  And despite the number of pension funds in the Pension Funds group, the Court finds that they appear to be sufficiently cohesive and likely to act cooperatively and in coordinated fashion and thus are an appropriate "group of persons" under 15 U.S.C. § 78u-4(a)(3)(B)(iii).  The Pension Funds are well-equipped to serve as lead plaintiff.

Subject to court approval, a lead plaintiff has the right to select and retain lead counsel to represent the class.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Pension Funds have selected Grant & Eisenhofer, P.A. ("G&E") as counsel.  G&E has successfully served as lead counsel in many securities class actions and is qualified to serve as lead counsel in these actions.

There is one issue on which the plaintiff groups do not fully agree, at least at this juncture:  definition of the class.  The Pension Funds' complaint proposes a class of investors who purchased or otherwise acquired the publicly traded common stock of MGPI between May 4, 2023 and October 24, 2024.  The Bronstein Family's complaint proposes the same class period but a broader class of all investors that purchased MGPI securities (i.e., not just common stock).  The Pension Funds characterize their motion as "seeking to represent the class as defined in the related Bronstein Action" while at the same time reserving their right to challenge that "improper attempt to modify the class

2

definition." (Dkt. 21 at 2 n.2.) The Bronstein Family assert that "appointment of the Pension Funds and their counsel as lead plaintiff and lead counsel appears to be warranted – provided that the Pension Funds actually pursue, or are required to pursue, claims on behalf of the expanded class in the cases being consolidated." (Dkt. 31 at 1-2 (emphasis omitted).) The Court accounts for this divergence in the directives ordered below.

Accordingly, having given due consideration to the moving papers of each plaintiff group, it is hereby ORDERED that:

1. The Pension Funds' motion at Dkt. 20 to consolidate, appoint lead plaintiff, and approve lead counsel is GRANTED; and, Chicago Transit's and the Bronstein Family's motions at Dkt. 16 and 24 respectively, are GRANTED IN PART and DENIED IN PART, as follows.

2. **Consolidation:**  The two actions captioned above are consolidated under 24-CV-9675. All securities class actions arising out of the same facts and claims on behalf of purchasers of MGPI Ingredients, Inc. securities subsequently filed in, or transferred to, this District shall be consolidated into this action. The parties shall notify the Court of any other such related action within a reasonable time of becoming aware of such related action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the action is consolidated into this action.

3. Every pleading in this action, and any related action that is consolidated with this action, shall hereafter bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re MGPI INGREDIENTS, INC. SECURITIES LITIGATION | Case No. 1:24-CV-09685 (JAV)(RWL) <br><br> <u>CLASS ACTION</u> |

4. Counsel in any related action that is consolidated with this action shall be bound by the organization of plaintiffs' counsel as set forth herein.

5. **Lead Plaintiff:** The Pension Funds are hereby APPOINTED as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), without prejudice to renewed application by the Bronstein Family or other plaintiffs to serve as lead or co-lead plaintiff in the event that the Pension Funds fail to adequately represent the interests of a broader class of securities investors in the event that such broader class definition is warranted.

6. **Lead Counsel:** The Pension Funds' selection of Grant & Eisenhofer, P.A., as lead counsel is hereby APPROVED, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), without prejudice to renewed application by the Bronstein Family or other plaintiffs moving for approval of other lead or co-lead counsel in the event that Grant & Eisenhofer, P.A. does not adequately represent the interests of a broader class of securities investors in the event that such broader class definition is warranted.  Lead Counsel shall have the following responsibilities and duties on behalf of Lead Plaintiff and the putative class: preparation and filing of all pleadings; briefing and argument of all motions; conduct of all discovery proceedings including depositions; selection of counsel to act as spokesperson at all pretrial conferences; settlement negotiations; pretrial discovery proceedings, preparation for trial, and trial of this matter; delegation of work responsibilities to selected

counsel as may be required; and supervision of all other matters concerning the prosecution or resolution of the action.

7.   **The Clerk of Court** is respectfully directed to (i) rename the caption of this action on ECF consistent with paragraph 3 above; and (ii) terminate the motions at Dkts. 16, 20, and 24 in this action and all motions in case No. 25-CV-1330; and (iii) administratively close case No. 25-CV-1330 upon filing of this Order in that action.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2025
       New York, New York

Copies transmitted this date to all counsel of record.